**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenya Rogers,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-18-00245-PHX-DMF<br><br>**ORDER** |

Kenya Rogers appeals the Commissioner of the Social Security Administration's decision to adopt the Administrative Law Judge's (ALJ) ruling denying her claim for disability insurance benefits under Title II of the Social Security Act. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and, with the parties' consent to Magistrate Judge jurisdiction, pursuant to 28 U.S.C. § 636(c).

The Commissioner agrees that the ALJ's decision was not supported by substantial evidence but argues that the record contains outstanding evidentiary conflicts and so the appropriate remedy is to remand this matter for further proceedings (Doc. 28). Rogers has consistently maintained that she meets the Ninth Circuit's standard for a remand for benefits (Docs. 1, 21, 31).

Background. The ALJ issued a written opinion after a hearing where Rogers and a Vocational Expert testified. The ALJ found that Rogers had several severe impairments; as relevant here, the ALJ found that her migraine headaches were not a severe impairment (Tr. 24). Next, the ALJ concluded that none of Rogers' severe impairments met or equaled

a listed impairment, evaluated Rogers' residual functional capacity, and found that she had the capacity to perform light work (Tr. 26). The ALJ further found that Rogers could not perform any of her past relevant work but then found that, under the Medical-Vocational Rules, Rogers was not disabled wither or not she had transferable job skills (Tr. 31). Accordingly, the ALJ concluded that Rogers was not disabled (Tr. 32).

Standard of Review. The only question before the Court is the scope of the remand. This analysis is governed by the Ninth Circuit's three-part test for evaluating the difference between a remand for benefits and a remand for further proceedings. *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014). Although the parties agree that the ALJ did not provide a legally sufficient reason for rejecting evidence, the parties disagree whether the record has been fully or thoroughly developed such that there are no outstanding issues to resolve and so further administrative purposes would serve no useful purpose. *Treichler*, 775 U.S. at 1100; *Garrison*, 759 at 1020. The parties also disagree whether the record, taken as a whole, leaves any uncertainty that Rogers is disabled. *Id.*

Analysis. The Commissioner moved to remand because the ALJ opinion should have acknowledged that the records from Rogers' treating physician, Farrukh Qureshi, M.D., documented "some headaches on a sustained basis, which necessitates reconsideration of the ALJ's finding that Plaintiff's migraines were not a severe impairment and did not result in any functional limitations" (Doc. 28 at 6). The Commissioner raises other arguments to justify a remand for further findings, including a conflict between Rogers' treatment records and Dr. Qureshi's opinion. Specifically, the Commissioner notes that Dr. Qureshi's treatment records first documented her migraines in December 2015, when she reported that she had been having migraine headaches twice a month; in February 2016, she reported to Dr. Qureshi that she had had two months without headaches but they had started again; and in April 2016, she reported that she had seven headaches a month (Doc. 28 at 8; Tr. 849, 851, 879, 882-83). The Commissioner argues that these fluctuating and short-term reports are not readily reconciled with Dr.

Qureshi's opinion that Rogers' headaches would result in her missing at least five days of work each month and that she has seven or eight migraines a month.

Simply put, the Commissioner's argument is that the record has not been fully or thoroughly developed. The Court agrees. Because there are undeveloped factual matters that the ALJ never addressed in the final decision, it is not appropriate for this Court to review it in the first instance. Instead, the most appropriate course of action is for the ALJ to incorporate these limitations during a *de novo* review.

Rogers agrees that the ALJ opinion should have, but did not, acknowledge her sustained headaches. But she does not address the discrepancy between Dr. Qureshi's medical records and his opinion. Instead, she argues that the Commissioner has failed to "address the fundamental legal error of agency reliance upon opinions from nonexamining state agency physicians to reject treating medical opinion evidence" (Doc. 31 at 6). The propriety of the Commissioner's use of reviewing physicians is outside the scope of this matter. Rogers also argues that the Commissioner's hypothetical arguments about Rogers' recent improvement is not a sufficient basis for a remand (Doc. 31 at 7). The Court agrees and does not remand this matter on that basis.[1]

**IT IS ORDERED** remanding this matter for further proceedings. The Commissioner's decision is vacated and remanded for further proceedings consistent with this Order. The Clerk of the Court shall enter judgment accordingly and terminate the case.

**IT IS FURTHER ORDERED** that upon remand, the Commissioner will remand the case to an ALJ with instructions to issue a new decision that includes:

a) a review of all the opinion evidence and limitations described by the treating and evaluating physicians;

b) a review of Rogers' impairments and symptoms;

---

[1] The Commissioner also argues that three additional aspects of the ALJ's opinion do not satisfy the credit-as-true rule: the conclusions about Rogers' treating nurse practitioner and her examining psychologist, and the conclusions about Rogers' credibility (Doc. 28 at 9-14). However, the Commissioner is not clear as to whether she is conceding error on any of these three portions of the ALJ's opinion. Because this matter will be remanded for further proceedings, the ALJ will be required to reevaluate all of its previous conclusions in light of the medical records documenting Rogers' sustained headaches. Accordingly, the exact scope of the Commissioner's argument is irrelevant.

c) a determination of Rogers' residual functional capacity; and

d) a determination of the remaining steps in the sequential process using, if necessary, the testimony from a vocational expert.

Dated this 28th day of December, 2018.

_____
Honorable Deborah M. Fine
United States Magistrate Judge